IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RUSSELL W. BRADLEY,
    Plaintiff,

vs.                              Case No.: 3:15cv149/MCR/EMT

KRISTIN MESSER, et al.,
    Defendants.
_____ /

## REPORT AND RECOMMENDATION

    Plaintiff Russell W. Bradley ("Bradley"), proceeding pro se and in forma pauperis, commenced this action by filing a complaint under 28 U.S.C. § 1331 or 42 U.S.C. § 1983 (doc. 1).

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N. D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Bradley, it is the opinion of the undersigned that dismissal of this action is warranted.

I.    BACKGROUND

    Bradley mailed his complaint from the Escambia County Jail and was thus a prisoner when he commenced this case (*see* doc. 1 at 8).[1] He lists the following five persons as Defendants in the style of the case: Jennifer Frydrychowicz, a County Judge in Escambia County, Florida; Shelia Sims, Chief Deputy Court Administrator for the Escambia County court; Kristin Messer, an employee of the Escambia County court; Fred Gerson Levin, a shareholder of the Levin Papantonio law firm in Pensacola, Florida; and Russell Cotton (*id.* at 1). However, he did not identify Russell Cotton as a Defendant in the "Defendants" section of the complaint (*id.* at 2).

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Bradley may have assigned.

Bradley alleges he "discovered, uncovered and irrefuteably [sic] proved" that Mr. Levin "embezzled" money from Mr. Brian James Hooper, and he (Bradley), as Mr. Hooper's "personal legal assistant, paralegal, and legal analyst," compiled several multi-million dollar lawsuits against Mr. Levin and his "bribees," including State Attorney Bill Eddins and Judge Frydrychowicz (doc. 1 at 3–7).  Bradley alleges State Attorney Eddins and Judge Frydrychowicz "wielded tremendous undue illegal felonious and immoral corrupt influence" against him by falsely arresting him, "stealing" his vehicle, and abducting and killing his dogs, Chloe, Aweny, and Blue (*id.*).  He alleges State Attorney Eddins and Judge Frydrychowicz also subjected him to duress, false imprisonment, misfeasance, nonfeasance, malfeasance, shame, pain, and unspecified civil rights violations (*id.*). Bradley states he has been held in jail without bond on two misdemeanors (*id.*).  He states he has been denied access to a law library, legal mail services, medical care, and dental surgery (*id.* at 6). Bradley alleges is it impossible for him to receive a fair trial on the misdemeanor charges, because Mr. Levin "owns" the courthouse and most of the judges, including Judge Frydrychowicz (*id.* at 7). As relief, Bradley seeks release from jail and an injunction requiring Defendants to go to the local garbage dump and retrieve the bodies of his dead dogs so that he may arrange proper burials and funerals for them (*id.*).  He also seeks compensatory and punitive damages in the amount of three million dollars (*id.*).

The undersigned takes judicial notice of information available on the database maintained by the Clerk of Court for Escambia County, Florida, viewed June 11, 2015, http://www.escambiaclerk.com.  *See* Fed. R. Evid. 201; United States v. Berrojo, 628 F.3d 368, 369 (5th Cir. 1980) ("The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it."); *see also* Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (district court permissibly looked to docket sheets in ruling on motion to dismiss because "docket sheets are public records of which the court could take judicial notice"); In re Salem, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court dockets and opinions); Dawson v. Mahoney, 451 F.3d 550, 551 (9th Cir. 2006) (taking judicial notice of state court orders and proceedings); United States v. Mercado, 412 F.3d 243, 247–48 (1st Cir. 2005) (taking judicial notice of state court docket entries).  The clerk of court's database indicates that Bradley was arrested on November 25, 2014, for making an obscene phone call, a

misdemeanor offense. *See* <u>State v. Bradley</u>, Case No. 2014-MM-006530. The same day, he was arrested for Driving Under the Influence with damage to property or person, also a misdemeanor. *See* <u>State v. Bradley</u>, 2014-MM-006531. Judge Frydrychowicz presided over the proceedings in both cases. Both cases terminated upon the State Attorney's Office announcing a nolle prosequi.

II.     ANALYSIS

Because Bradley is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Bradley. <u>Davis v. Monroe Cnty. Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

>Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. Finally, in civil rights cases, "[m]ore than mere conclusory notice pleading is required . . . . A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation marks and alteration omitted).

    A.    Federal Claims

Section 1983 of Title 42 of the United States Code provides for the recovery of monetary damages for an alleged violation of a right secured by the Constitution or other federal laws. Two essential elements must be present to establish a § 1983 claim: (1) the conduct complained of was committed by a person acting under color of state law; and (2) this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See* Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Duke v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt).

Bradley cannot state a § 1983 claim against Mr. Levin. A private party does not normally act under color of state law and is therefore not subject to suit under section 1983. *See* Dennis v. Sparks, 449 U.S. 24, 27–29, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Private parties may be viewed as state actors for section 1983 purposes if one of the following three tests is met: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise ('nexus/joint action test')."

Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (citations and internal quotation marks omitted).

Here, Bradley's conclusory allegation that Mr. Levin bribed Judge Frydrychowicz and other court employees (i.e., Defendants Messer and Sims) is insufficient to plausibly suggest that Mr. Levin acted jointly with those Defendants to deprive Bradley of his federal rights. Therefore, any § 1983 claims that Bradley brings against Mr. Levin should be dismissed.

As to Russell Cotton, Bradley does not identify Mr. Cotton as a Defendant in the "Defendants" section of the complaint form. Further, Bradley does not mention Mr. Cotton in his factual allegations, nor does he otherwise suggest that Mr. Cotton had a role in any of the alleged federal law violations, much less that he is a state actor. Therefore, Bradley has failed to state a claim on which relief may be granted as to Mr. Cotton.

Bradley's § 1983 claims against Judge Frydrychowicz are barred by the doctrine of judicial immunity. *See* Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (citing Mitchell v. Forsyth, 472 U.S. 511, 526–27, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985)); Dennis, 449 U.S. at 27; Sibley v. Lando, 437 F.3d 1067, 1071 (11th Cir. 2005). Immunity may be overcome only (1) where the judge has not acted within her judicial capacity or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356–57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); Mireles, 502 U.S. at 11; Forrester v. White, 484 U.S. 219, 227, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988).

Whether an act by a judge is a "judicial" one relates "to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in [her] judicial capacity." Mireles, 502 U.S. at 11 (citing Stump, 435 U.S. at 362); *see also* Simmons v. Conger, 86 F.3d 1080, 1085 (11th Cir. 1996). The relevant inquiry is the "nature" and "function" of the act, not the "act itself." Mireles, 502 U.S. at 13 (citing Stump, 435 U.S. at 362). In other words, the court must look to the particular act's relation to a general function normally performed by a judge.

A judge is not deprived of absolute immunity from liability for damages because an action she took was in error, was illegal, was done maliciously, or was in excess of her authority. Stump,

435 U.S. at 355–57; *see also* <u>Mireles</u>, 502 U.S. at 11 (judicial immunity is not overcome by allegations of bad faith or malice). Rather, a judge is subject to liability only when she acted in clear absence of all jurisdiction, and knew or must have known that she was acting in such a manner. <u>Simmons</u>, 86 F.3d at 1084–85 (citing <u>Stump</u>, 435 U.S. at 356–57). An act is done in "clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which she presides. <u>Dykes</u>, 776 F.2d at 946–47 (citations omitted). The term "jurisdiction," as it applies to judicial immunity, means the "judicial power to hear and determine a matter, not the manner, method, or correctness of the exercise of that power." 48A C.J.S. Judges § 86. Furthermore, for the purposes of immunity, a judge's jurisdiction is construed broadly. <u>Stump</u>, 435 U.S. at 357. Thus, where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes. <u>Harper v. Merckle</u>, 638 F.2d 848 (5th Cir. 1981) (judicial immunity extends to all judicial acts provided they do not fall clearly outside the judge's subject matter jurisdiction). The proper inquiry for determining judicial immunity is not whether the judge actually had jurisdiction, or even whether the judge exceeded her jurisdictional authority, but whether the challenged actions were obviously taken outside the scope of the judge's power. <u>Stump</u>, 435 U.S. at 357 (quotation omitted).

Judge Frydrychowicz's conduct in the criminal proceedings involving Bradley were functions normally performed by a judge. Furthermore, because Bradley was a party in the cases over which Judge Frydrychowicz presided, he dealt with Judge Frydrychowicz in her judicial capacity. Moreover, Bradley does not allege, nor do the facts suggest, that Judge Frydrychowicz acted in the complete absence of all jurisdiction. Therefore, Bradley's claim for monetary damages is barred by the doctrine of judicial immunity.

Additionally, Bradley's claim for injunctive relief is moot, since the criminal proceedings against him have now terminated and he is no longer in jail. Bradley's factual allegations relate to past conduct—he makes no allegation of a continuing injury, and the possibility that he will be subject to criminal prosecution in the future is insufficient to state a claim for declaratory relief. *See* <u>Emory v. Peeler</u>, 756 F.2d 1547, 1552 (11th Cir. 1985) ("The remote possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments."); *see also* <u>Malowney v. Fed. Collection Deposit Group</u>, 193 F.3d 1342, 1348 (11th Cir.

1999) ("Injury in the past, however, does not support a finding of an Article III case or controversy when the only relief sought is a declaratory judgment."). In order to warrant injunctive relief, the party must demonstrate a substantial likelihood of irreparable injury, which is "neither remote nor speculative, but actual and imminent." Siegel v. LePore, 234 F.3d 1163, 1176–77 (11th Cir.2000) (en banc ) (citation and quotation marks omitted). Bradley, however, failed to allege an actual and imminent threat of future injury. Therefore, he is not entitled to injunctive relief.

To the extent Bradley brings § 1983 claims against State Attorney Eddins (although Bradley did not name him as a Defendant, Bradley mentioned Eddins several times in his factual allegations), his claims are barred by the doctrine of prosecutorial immunity. A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government. Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S. Ct. 2606, 2615–16, 125 L. Ed. 2d 209 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution. Imbler v. Pachtman, 424 U.S. 409, 424, 96 S. Ct. 984, 992, 47 L. Ed. 2d 128 (1976). Immunity extends to charging a defendant without probable cause and to the knowing proffer of perjured testimony at trial. Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1280 (11th Cir. 2002). Under these principles, State Attorney Eddins's conduct in initiating and pursuing criminal charges against Bradley clearly falls within the prosecutorial role; thus, State Attorney Eddins is immune from liability.

To the extent Bradley alleges Defendants Messer and Sims denied him a fair trial by virtue of their employment with the court and Mr. Levin's allegedly "owning" and bribing everyone who works in the courthouse, Bradley's conclusory allegations are insufficient to plausibly suggest that Ms. Messer or Ms. Sims engaged in conduct that caused a deprivation of due process in the criminal proceedings.

Bradley's claims that he was been denied access to a law library, legal mail services, medical care, and dental surgery during his detention in jail do not plausibly state a claim for relief against any Defendant, because Bradley does not allege that any named Defendant was involved in or otherwise caused any of the alleged deprivations.

In sum, Bradley's factual allegations fail to state a claim on which relief may be granted as to any Defendant.  Further, he seeks monetary relief against Defendants who are immune from such relief.  Therefore, Bradley's federal claims should be dismissed, pursuant to § 1915(e)(2)(B).

### B. State Law Claims

Bradley appears to bring state tort claims (he claims duress, false imprisonment, misfeasance, nonfeasance, malfeasance, shame, and pain).  It is well established that once a plaintiff's federal claims are dismissed, there remains no independent federal jurisdiction to support the court's exercise of supplemental jurisdiction over state claims against a defendant.  *See* Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997).  Title 28 U.S.C. § 1367(c)(3) provides that the district court may decline to exercise supplemental jurisdiction over claims after it has dismissed all claims over which it has original jurisdiction.  *See also* United Mine Workers v. Gibbs, 383 U.S. 715, 725–26, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966).  Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction.  Baggett, 117 F.3d at 1353 (citing Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1569 (11th Cir. 1994); Exec. Software N. Am. v. U. S. Dist. Court, 15 F.3d 1484, 1493 (9th Cir. 1994); New England Co. v. Bank of Gwinnett Cnty., 891 F. Supp. 1569, 1578 (N.D. Ga. 1995); Fallin v. Mindis Metals, Inc., 865 F. Supp. 834, 841 (N.D. Ga. 1994)).  Taking these factors into account in this case, the undersigned concludes that any state law claims asserted by Bradley, should be dismissed to permit him to pursue them in a more appropriate forum.  The state court is best equipped to research and rule on matters of state law, and comity would suggest that it should be allowed to do so.

### III. CONCLUSION

Bradley's federal claims should be dismissed under § 1915(e)(2)(B) because he seeks monetary relief against Defendants who are immune from such relief, and his factual allegations fail to state a plausible claim for relief against any Defendant.  Further, it is clear that no additional facts or legal theories could cure the pleading deficiencies.  Therefore, amendment of the complaint would be futile, and dismissal is thus warranted.

For the foregoing reasons, it is respectfully **RECOMMENDED**:

1.	That Plaintiff's federal claims against all Defendants be **DISMISSED with prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.	That Plaintiff's state law claims be **DISMISSED without prejudice**.

3.	That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 11th day of June 2015.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.**  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**